WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

Electronically Filed on 8/2/2010

Attorneys for Home Eq
File no. 10-71761

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In Re:

Juan Carrera

Debtors.

BK-S-10-13047-BAM

Date: August 5, 2010
Time: 1:30 p.m.

Chapter 13

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW, U.S. Bank National Association as Trustee for CSFB ARMT 2006-3, (Hereinafter "Secured Creditor"), and files this Objection to Confirmation of Chapter 13 Plan stating as follows:

Secured Creditor is the first deed of trust holder on 3112 E. Carey, North Las Vegas, Nevada, (hereinafter "subject property"), and is approximately $300,000.00. The Debtor filed a motion to value and reduce Secured Creditor's lien to $97,397.00, which motion was scheduled on July 22, 2010, but no order has been entered as of yet and Secured Creditor is unsure of the outcome of the hearing.

Secured Creditor asserts that this Court should not confirm the plan and should dismiss the case because the plan is far from feasible.

The Debtor does not have sufficient income to meet his plan requirements as can be seen in a simple review of her Schedules "I" and "J". (Attached hereto as exhibit "A" and "B" respectively).

Taking into account both the employment and rental income, and after subtracting the Debtor's expenses outlined in Schedule "J", he has a net income of $2,227.73 per month, which he dedicates the entire amount to a plan payment.

Debtor's plan is not feasible because his schedule "J" does not provide for any payments for insurance, maintenance, or property taxes on the property. This amount is far more than $300 per month which the Debtor can not afford.

Debtor's proposed plan places all the risk of further losses on this particular Secured Creditor which has essentially been subsidizing this Debtor's rental business by paying the insurance on the property for the last five (5) months that this Debtor has been attempting to confirm a plan.

11 U.S.C. 1326(a)(6) requires that a debtor be able to make all payments under the plan. This Debtor has not shown an ability to do so. The Debtor is also obligated to pay the entire amount of the modified claim within a maximum sixty (60) month plan with interest. In re Enewally, 368 F.3d 1165, 1171 (9th Cir. 2004). This Debtor has not shown an ability to do so.

Further more the Debtor does not list a rental agreement with the alleged tenant on his schedule "G" a copy of which is attached hereto as exhibit "C". The Debtor also fails to list any past income rental for the last three years in his statement of financial affairs. Attached as exhibit "D" is a copy of pages 26 and 27 of said statement. Finally, the amount listed as rental income on schedule "I" seems to be a strange number.

///
///
///
///
///
///
///

Until this Debtor can come before this Court with more information or income to properly fund a plan, the Court should not confirm this plan for it does not have a reasonable likelihood of success.

WHEREFORE, Secured Creditor asks that this Court deny confirmaiton and dismiss this case.

DATED this 2nd day of August, 2010.

> WILDE & ASSOCIATES
>
> By /S/GREGORY L. WILDE
>
> GREGORY L. WILDE, ESQ.
> Attorneys for Secured Creditor

Case 10-13047-bam    Doc 24    Entered 08/02/10 21:46:34    Page 4 of 11
Case 10-13047-bam    Doc 1    Entered 02/26/10 12:42:25    Page 22 of 37

2/26/10 12:40PM

B6I (Official Form 6I) (12/07)

In re  **Juan Carrera** _____    Case No. _____
                            Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Single | RELATIONSHIP(S):<br>Son<br>Daughter<br>Son | AGE(S):<br>1<br>10<br>15 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | convention | |
| Name of Employer | MGM Grand Hotel & Casino | |
| How long employed | 16 yrs | |
| Address of Employer | 3799 S. Las Vegas Blvd.<br>Las Vegas, NV 89109 | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 6,885.67 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 6,885.67 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 1,711.67 | $ 0.00 |
|    b. Insurance | $ 84.98 | $ 0.00 |
|    c. Union dues | $ 41.49 | $ 0.00 |
|    d. Other (Specify): _____ | $ 0.00 | $ 0.00 |
|        _____ | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,838.14 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 5,047.53 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 2,417.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance<br>(Specify): _____ | $ 0.00 | $ 0.00 |
| _____ | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income<br>(Specify): _____ | $ 0.00 | $ 0.00 |
| _____ | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 2,417.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 7,464.53 | $ 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 7,464.53 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

*Exhibit "A"*

2/26/10 12:40PM

B6J (Official Form 6J) (12/07)

In re **Juan Carrera** _____ Case No. _____
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,332.00 |
| a. Are real estate taxes included? Yes **X**  No ___ | |
| b. Is property insurance included? Yes **X**  No ___ | |
| 2. Utilities: a. Electricity and heating fuel | $ 90.00 |
| b. Water and sewer | $ 60.00 |
| c. Telephone | $ 0.00 |
| d. Other **See Detailed Expense Attachment** | $ 150.00 |
| 3. Home maintenance (repairs and upkeep) | $ 55.00 |
| 4. Food | $ 650.00 |
| 5. Clothing | $ 170.00 |
| 6. Laundry and dry cleaning | $ 40.00 |
| 7. Medical and dental expenses | $ 20.00 |
| 8. Transportation (not including car payments) | $ 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 200.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ 0.00 |
| b. Life | $ 0.00 |
| c. Health | $ 0.00 |
| d. Auto | $ 50.00 |
| e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) ___ | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ 0.00 |
| b. Other | $ 0.00 |
| c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 1,000.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 572.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 4,689.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ 7,464.53 |
| b. Average monthly expenses from Line 18 above | $ 4,689.00 |
| c. Monthly net income (a. minus b.) | $ 2,775.53 |

Exhibit "B"

2/26/10 12:40PM

B6J (Official Form 6J) (12/07)

In re  **Juan Carrera**  Case No. _____

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---|
| CELL PHONE | $ 135.00 |
| Trash | $ 15.00 |
| **Total Other Utility Expenditures** | $ 150.00 |

**Other Expenditures:**

| | |
|---|---|
| Childcare | $ 200.00 |
| Personal grooming | $ 150.00 |
| Rental expenses (Water, Trash, Sewer, power) | $ 172.00 |
| Pest Control | $ 50.00 |
| **Total Other Expenditures** | $ 572.00 |

Exhibit "B"

B6G (Official Form 6G) (12/07)

In re  Juan Carrera
_____
Debtor

Case No. _____

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |


Exhibit "C"

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Ev___, IL - www.bestcase.com

Best Case Bankruptcy

2/26/10 12 40PM

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
## District of Nevada

In re **Juan Carrera**   Case No. _____
             Debtor(s)   Chapter **13**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $6,419.00 | 2010 YTD: Debtor Employment Income |
| $81,677.00 | 2009: Debtor Employment Income |
| $105,708.00 | 2008: Debtor Employment Income |
| $105,460.00 | 2007: Debtor Employment Income |
| $92,941.00 | 2006: Debtor Employment Income |

Exhibit "D"

2/26/10 12:40PM

2

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $3,404.00 | 2008: Unemployment |
| $374.00 | 2007: Unemployment |

**3. Payments to creditors**

None ■ *Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ■ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

Exhibit "D"

# CERTIFICATE OF SERVICE

1. On 8/2/2010, I served the following document(s) (*specify*):

   Objection to Confirmation of Chapter 13 Plan

2. I served the above-named document(s) by the following means to the persons as listed below:

   **(Check all that apply)**

   x **a. ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

   David M. Crosby at info@crosby.lvcoxmail.com (Attorney for Debtors)

   Rick A. Yarnall at ecf@lasvegas13.com and ecfimport@lasvegas13.com (Chapter 13 Trustee)

   x **b. United States mail, postage fully prepaid**

   *(List persons and addresses. Attach additional paper if necessary)*

   Attorney for Debtors
   David M. Crosby
   Crosby & Associates
   711 South Eighth Street
   Las Vegas, NV 89101

   Debtors
   Juan Carrera
   1806 South Seventh Street
   Las Vegas, NV 89104

   ☐ **c. Personal Service** *(List persons and addresses. Attach additional paper if necessary)*

   I personally delivered the document(s) to the persons at these addresses.

   ☐ For a party represented by an attorney, delivery was made by handling the document(s) to the attorney's office with a clerk or other person in charge, or if no one in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ **d. By direct email (as opposed to through the ECF System)**

*(List persons and addresses. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. By fax transmission** *(List persons and fax numbers. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. By messenger** *(List persons and addresess. Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

*(A declaration by the messenger must be attached to this Certificate of Service).*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on *(date)*: 8/2/2010

Krystal Jacobs

(NAME OF DECLARANT)                                    (SIGNATURE OF DECLARANT)